C. H. SMITH, Appellee, v. H. W. SUECHTING, Appellant.

**New trial:** DELAY IN FILING MOTION. Where the affidavits in support of a motion for a new trial were not filed for some time after the time for filing the motion had expired, although the motion itself was filed within the time, the court was justified in overruling the motion.

**Same:** NEWLY DISCOVERED EVIDENCE. The court did not abuse its discretion in overruling a motion for new trial on the ground of newly discovered evidence, in an action for slander, where the proffered evidence was cumulative and only tended to establish the justification pleaded as to part of the admitted slanderous words used.

*Appeal from Wapello District Court.*—HON. F. W. EICHELBERGER, Judge.

MONDAY, OCTOBER 21, 1912.

ACTION at law to recover damages for an alleged slander. The plaintiff recovered judgment for $500, and defendant appeals.—*Affirmed.*

*Gilmore & Moon* and *J. A. Lowenberg,* for appellant.

*Jaques & Jaques,* and *Lloyd L. Duke,* for appellee.

WEAVER, J.—The slanderous words which defendant is charged with ,uttering of and concerning the plaintiff are to the effect that, while in the employ of the defendant as an upholsterer, plaintiff had stolen goods from him; that plaintiff had collected money for the defendant and converted it to his own use; that plaintiff was a crook and thief, and consorted and had intercourse with lewd women. In answer to these allegations defendant admits that he did charge plaintiff with criminal acts as alleged in the petition, and avers that said charges are true. Further answering, he says that he was informed by various persons that his statements concerning the plaintiff were true, and that he had reason to believe their truth at the time he made them. In support of his pleaded justification, defendant introduced; the testimony of one Dorn, who swore that on several occasions prior to the alleged slander, while he was employed by the defendant in a furniture store in Ottumwa, he, at the solicitation of the plaintiff, stole leather and upholstering goods of the property of the defendant and delivered them to the plaintiff. Later he says he confessed his theft to the defendant, and informed him of the plaintiff's complicity in the crime. Dorn further testified that some of the stolen goods were used by plaintiff in doing certain work for one McGrath, and defendant, as a witness in his own behalf, states that he examined the upholstering so done for McGrath, and swears that the material therein is like the stock he was handling, and that no other dealer in Ottumwa kept or sold such goods to his knowledge. No other witness was examined on behalf of the defendant. Plaintiff denied the story of Dorn in its entirety, and swore that the goods used in doing the McGrath job were purchased by him from dealers in the usual course of business.

Upon this showing the jury returned a verdict in plaintiff's favor for $500.

The appellant has not included the court's instructions in his abstract, and we do not understand counsel as contending that there is any reversible error shown in the record of the trial; but error is assigned upon

1. NEW TRIAL: delay in filing motion.

the overruling of a motion for new trial based upon the alleged discovery of new evidence tending to show that some of the goods used by plaintiff were stolen from the defendant. The verdict was returned November 5, 1910, and by order of court the time for filing motion for a new trial was extended until November 12, 1910. On the date last named the motion, without affidavits or other support, was filed. The affidavits appearing in the record in support of the motion were not made until about the 1st of December, 1910, and were not filed in court until a later date. The principal affidavit so relied upon is by the manager of a leather manufacturing establishment, to whom a sample of the material used in the McGrath job was submitted, and he avers that such material was not made until after the date when plaintiff claims to have purchased it in his business. The motion was properly denied for several reasons. It was not filed within the time given for that purpose. True the form or body of the motion was filed on the last day of the time granted, but wholly without any showing in its support; and the court could properly decline to consider the affidavits filed at a later date without its leave.

Even if we consider the affidavits as having been presented in time, the evidence so offered is purely cumulative. The defendant himself testified as an expetrt that the

2. SAME: newly discovered evidence.

leather in question had not been manufactured at the time plaintiff claimed to have purchased it. Again, the defamatory words charged and admitted by defendant include an accusation of embezzlement of moneys collected, as well as an accusation

of adultery. All of these grave imputations defendant admitted, and attempted to justify by alleging their truth—a defense in support of which he offered not a word of testimony. On neither of these issues did the alleged newly discovered evidence have any bearing whatsoever. It needs neither argument nor citation of authorities to sustain us in holding that the court did not abuse its discretion in denying the motion. Indeed, the case as made by the defendant himself renders it very clear that he indulged in vituperative abuse of the plaintiff to a reckless degree,' and then as recklessly emphasized it by alleging the truth of the slander in every particular—a plea which he made no effort to sustain, save in a single particular. He who assumes that attitude against his neighbor has no just ground or complaint if the law of the land and a jury of his peers hold him to respond in substantial damages to the injured party. The verdict returned is by no means excessive. There is no ground on which we can properly disturb the judgment, and it is—*Affirmed.*